UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**RICKY S. FARRIS**,

                Plaintiff,

v.                                       **Case No. 14-cv-1246-pp**

**RACINE CORRECTIONAL INSTITUTION
AND SGT. LINCOLN,**

                Defendants.

---

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*
(DKT. NO. 2) AND SCREENING PLAINTIFF'S COMPLAINT**

---

    The plaintiff, a state prisoner, filed a *pro se* complaint under 42 U.S.C. §1983, alleging violations of his civil rights. This matter comes before the court on the plaintiff's motion for leave to proceed *in forma pauperis* and for screening of the plaintiff's complaint.

    **Plaintiff's Motion for Leave to Proceed *In Forma Pauperis***

    The Prison Litigation Reform Act applies to this action because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without pre-paying the civil case-filing fee, as long as he meets certain conditions. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

1

On October 14, 2014, the court issued an order requiring the plaintiff to pay an initial partial filing fee of $18.57. (Dkt. No. 5). The plaintiff paid that amount on November 4, 2014. The court will grant the plaintiff's motion for leave to proceed without pre-paying the filing fee, and will allow the plaintiff to pay the balance of the $350.00 filing fee over time from his prisoner account, as described at the end of this order.

## Review of the Plaintiff's Complaint

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is "based on an indisputably meritless legal theory or where the factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

2

To state a cognizable claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in *Twombly*. First, they must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. *Id.* Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

3

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kram*er v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In the case at bar, the plaintiff's complaint alleges that on June 30, 2014, while incarcerated at the Racine Correctional Institution, he was serving a tray of food to another inmate. As the plaintiff was walking the tray over, defendant Sgt. Lincoln backed up. As Sgt. Lincoln backed up, her buttock brushed against the plaintiff's hand as he walked past her. The plaintiff alleges that Sgt. Lincoln then stopped and said, "Excuse you Farris!" The plaintiff stopped and said excuse me, said that he was sorry, and pointed out that she was the one who backed up into him. Sgt. Lincoln told the plaintiff that if it happened again, she was going to send the plaintiff to the hole. The plaintiff alleges that he again said he was sorry, and that was the end of the incident. (Dkt. No. 1 at 4).

The plaintiff alleges that after Sgt. Lincoln walked away, two other inmates laughed, saying that the plaintiff had looked scared when Sgt. Lincoln threatened to send him to the hole. The plaintiff alleges that Sgt. Lincoln saw

4

the other inmates laughing, at which time, she did decide to send him to the hole. Id.

The complaint indicates that Sgt. Lincoln filed a conduct report against the plaintiff, in which he alleges that she lied about everything that happened. Sgt. Lincoln then failed to appear for the plaintiff's disciplinary hearing, where he was found guilty of being disruptive; he denies that he was disruptive. He was sent to the hole for 60 days (he served 16). The plaintiff alleges that, as a result of being falsely accused of something he did not do, the plaintiff is emotionally depressed, is seeing a psychiatrist for depression, insomnia and paranoia, and is taking anti-depressant medication. Id. at 3.

The plaintiff does not state in his complaint which of his constitutional rights he believes the Racine Correctional Institution, or Sgt. Lincoln, violated. The Seventh Circuit Court of Appeals has considered at least one case in which an inmate alleged that a prison guard's knowing use of false evidence constituted a violation of his due process rights under the Fifth and Fourteenth Amendments to the Constitution. In *Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1984), the Seventh Circuit held that before a prisoner may be sanctioned, "the prison officials must provide [the] procedural requirements outlined in *Wolff v. McDonnell* [,418 U.S. 539 (1974)]: advance written notice of the violation, written statement of fact-finding, the right to present witnesses and present evidence where it would not be unduly hazardous to institutional safely." It appears that the plaintiff in this case is alleging the same thing—that

Sgt. Lincoln violated his due process rights by filing an allegedly false conduct report against him.

To be entitled to the due process protections discussed above, a plaintiff must first show that he has a protected liberty interest. *Domka v. Portage Cnty.*, 523 F.3d 776, 779-80 (7th Cir. 2008) *citing Minch v. City of Chicago*, 486 F.3d 294, 302 (7th Cir. 2007); *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995) ("[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause."). A liberty interest exists when prison officials restrain an inmate in a way that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

In *Sandin*, the Supreme Court held that a prisoner's sentence of thirty days in segregated confinement "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* at 486. The Seventh Circuit has gone farther, finding that confinement in segregation for longer periods of time did not constitute "atypical and significant" deprivation of the prisoner's liberty and thus did not implicate the liberty interest protected under the due process clause. *Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1998) (70 days of segregation out of a twelve-year prison sentence); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (56 days in disciplinary segregation and 34 days in discretionary segregation).

In this case, the plaintiff was sentenced to 60 days in segregation, but served only 16. Under the cases cited above, a term of 16 days in segregation

6

does not create a liberty interest protected by due process. The court also notes that, despite the fact that no due process was required, the plaintiff did receive such process. He attached as an exhibit to his complaint the DOC Form 84 on which he gave his written explanation of his version of the events with Sgt. Lincoln. A witness also gave a statement on that form. (Dkt. No. 1-2). There was a disciplinary hearing, and while it is not entirely clear from the complaint, it appears that the plaintiff did attend and was able to present his version of the events.

Accordingly, the court finds that the plaintiff's segregation for 16 days did not create a liberty interest requiring due process, and that despite that fact, he did obtain process of the kind described in *Wolff v. McDonnell*. The court concludes that the complaint does not state a claim upon which relief can be granted, and will dismiss the case.

The court **ORDERS** that the plaintiff may proceed *in forma pauperis* (Dkt. No. 2).

The court **DISMISSES** this case pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim. The court instructs the clerk of court to enter judgment accordingly. The court also instructs the clerk of court to document that this plaintiff has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1), and that this plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court further **ORDERS** the Secretary of the Wisconsin Department of Corrections or his designee to collect from the plaintiff's prison trust account

7

the $331.43 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The Secretary or his designee shall clearly identify the payments by the case name and number.

The court will send a copy of this order to the warden of the institution where the inmate is confined.

**I FURTHER CERTIFY** that if the plaintiff appeals from this decision, such an appeal would not be taken in good faith pursuant to 28 U.S.C. §1915(a)(3), unless the plaintiff offers bona fide arguments supporting his appeal.

Dated at Milwaukee this 22nd day of June, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge